UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIQUE DOMINOE RAGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:15-CV-526 JD |
| v. | ) |
| | ) |
| JULIE LAWSON, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Erique Dominoe Raggs, a *pro se* prisoner, filed a complaint alleging that he has been coughing up blood since October 11, 2015, and has been denied medical treatment at the St. Joseph County Jail where he is housed. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Raggs alleges that despite having told several guards and nurses about his condition, the only response has been to put him in a different cell and to take a specimen for testing. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so."

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

Here, the only defendant listed in the complaint is Warden Julie Lawson. Raggs alleges that "[s]he hasn't done anything about the rights of mine her staff violated while I was going through this medical emergency." DE 1 at 4. He does not allege that she violated his rights, only that she supervised employees who did. However, there is no general respondeat superior liability under 42 U.S.C. § 1983, so the allegation that someone else knew about his need for medical treatment does not state a claim against her. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Thus, this complaint does not state a claim.

Nevertheless, it is possible that if Raggs named other defendants and explained what he told them about his need for medical treatment as well as how they responded and what injury he suffered as a result, he might be able to state a claim against one of those jail employees. Therefore he will be granted the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Erique Dominoe Raggs;

(2) **GRANTS** Erique Dominoe Raggs until January 7, 2016, to file an amended complaint; and

2

(3) **CAUTIONS** Erique Dominoe Raggs that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint (DE 1) does not state a claim.

SO ORDERED.

ENTERED: November 10, 2015

     /s/ JON E. DEGUILIO
Judge
United States District Court